Romano & Associates
*Attorneys at Law*
220 Old Country Road, 1st Floor
Mineola, New York 11501
(516) 248-8880 Fax (516) 740-0866
info@romanofirm.com
www.romanofirm.com
*Admitted to N.Y. & N.J. Bar*

December 8, 2014

Magistrate Judge Marilyn D. Go
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-9014

Re: Israel Rivera v. City-Wide Sewer & Drain Service Corp., Long Island Plumbing Corp., Emergency Flood Restoration, Inc. and Salvatore Mangia, Jr.
Civil Action No. 14-cv-06484 (CBA) (MDG)

Dear Judge Go:

This firm represents defendants City-Wide Sewer & Drain Service Corp., Long Island Plumbing Corp., Emergency Flood Restoration, Inc. and Salvatore Mangia, Jr., in the above referenced matter. On behalf of counsel for both parties, we submit the attached Confidentiality Stipulation addressing the exchange of documents and information in this case. If the Stipulation meets with the Court's approval, we ask that it be "so ordered" and filed with the Clerk of the Court.

Thank you in advance for your consideration of this request.

Respectfully submitted,

Michael J. Romano (MR7905)

MJR/mek

Enclosure

cc: Brent E. Pelton, Esq. (via ECF)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

--------------------------------X

**ISRAEL RIVERA, Individually and on Behalf of All Others Similarly Situated,**

Plaintiff(s),

-against-

**CITY-WIDE SEWER & DRAIN SERVICE CORP., LONG ISLAND PLUMBING CORP., EMERGENCY FLOOD RESTORATION, INC. and SALVATORE MANGIA, JR., Jointly and Severally,**

Defendant(s).

--------------------------------X

**Docket No.: 14-cv-06484**

**CONFIDENTIALITY STIPULATION AND AGREEMENT AND PROTECTIVE ORDER AND FRE 502(d) & (e) CLAWBACK AGREEMENT/ORDER**

**WHEREAS,** Plaintiff ISRAEL RIVERA ("Plaintiff") and CITY-WIDE SEWER & DRAIN SERVICE CORP., LONG ISLAND PLUMBING CORP., EMERGENCY FLOOD RESTORATION, INC. and SALVATORE MANGIA, JR. ("Defendants"), collectively the parties ("Parties"), are presently engaged in discovery; and

**WHEREAS,** some information sought by the Parties or contained in documents sought by the Parties is of a confidential and/or proprietary nature; and

**WHEREAS**, the Parties pursuant to this stipulation ("Stipulation") have agreed to protect privileged documents and electronically-stored information ("ESI") against claims of waiver and inadvertent production; and

**WHEREAS**, both Parties may be required to produce large volumes of documents and ESI in discovery, yet, the Parties wish to complete discovery as expeditiously as possible, while preserving and without waiving any privileges applicable to the information contained in the documents and data produced, including as against third parties and in other federal and state proceedings, and in addition to their agreement, need the additional protections of a Court Order under Federal Rule of Evidence ("FRE") 502(d) and (e) to do so;

**WHEREAS**, in order to comply with applicable discovery deadlines, a party may be required to produce certain categories of documents, data and information that have been subject to minimal or no attorney review (the "Disclosures"). This Stipulation is designed to foreclose any arguments that by making such Disclosures, the disclosure of documents, data or information (including, without limitation, metadata) subject to a legally-recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or

other applicable privilege, by the producing party was not inadvertent, that the producing party did not take reasonable steps to prevent the disclosure of privileged documents, data or information, that the producing party did not take reasonable steps to rectify such disclosure and/or acts as a waiver of applicable privileges or protections associated with such documents, data or information; and

**WHEREAS**, the purpose of this Stipulation is designed to permit the Parties to discover such Disclosures pursuant to procedures and to protect and preserve the confidentiality of that material;

**IT IS THEREFORE AGREED BY AND BETWEEN THE PARTIES AS FOLLOWS:**

1. "Confidential Information" as used herein means any type or classification of non-public information which is designated as "confidential" in good faith by counsel for the Parties, whether it be a document, information contained in a document, ESI, electronically-memorialized information, information revealed during a deposition, information contained in an interrogatory answer, or any other form of information produced, given or exchanged by and among the Parties and non-parties to this litigation. The Parties and their respective counsel shall designate as "confidential" only information that the designated party produces in discovery and that the Parties reasonably believe in good faith to be (a) personal information concerning individuals who are not parties to this action, including, but not limited to, salary, personnel records, performance reviews, social security numbers, addresses and telephone numbers; (b) Defendant's non-public policies or procedures; (c) information concerning Defendant's customers, vendors, or other business associates; (d) non-public financial, commercial, or other proprietary information concerning Defendant or its affiliated and/or related entities; (e) medical records or information regarding Plaintiff's or any other person's medical condition, treatment, diagnoses, etc.; or (f) any other personal, personnel, medical, commercial, intellectual property, financial or business information or data which the Parties in good faith believe should be afforded confidential treatment, it being understood that the designation as such is subject to review by the Court and substantiation by the designating party.

2. (a) Documents and other discovery materials may be designated as "confidential" as follows: (i) by affixing a legend so indicating to every page of the document at the time of production; (ii) by written statement of counsel for the producing party at the time of, or prior to, production that the document or material is to be treated as confidential; (iii) by agreement in writing between the producing and receiving Parties at any time; or (iv) with respect to oral testimony, by advising the court reporter and all Parties of such fact on the record during the deposition, or, in connection with the submission of an errata sheet upon review of the transcript in accordance with applicable procedural rules. Consistent with paragraph 8 of this Stipulation, should the producing party discover that it has produced Confidential Information without complying with the foregoing, counsel for the producing party may notify counsel for the receiving party that such information produced should be designated "confidential", and the receiving party shall thereafter treat such information as confidential.

(b) Information designated as "confidential" shall (i) be used by the Parties only for the purpose of this action and not for any other purposes whatsoever, and (ii) not be

disclosed, given, shown, discussed or otherwise communicated or made available to anyone except as provided herein.

3. In accordance with the provisions of paragraph 4 below, Confidential Information may be disclosed to "Qualified Persons", who shall read this Stipulation and who shall agree to maintain said information in confidence and not disclose, discuss or reveal such information to anyone else. The term "Qualified Persons" means (a) any attorney, legal assistant, secretary or clerk employed by, or a member of, Plaintiff's counsel assigned to this litigation; (b) any attorney, legal assistant, secretary or clerk employed by, or a member of, Defendant's counsel assigned to this litigation; (c) any expert or consultant (or potential expert or consultant) employed, consulted or retained by the Parties or its/her respective counsel solely for the purpose of assisting such counsel in connection with this litigation; (d) any person testifying in depositions; (e) the Parties (and any corporate successor or affiliate) to this litigation; (f) any Court that exercises jurisdiction in this action and any attorney, legal assistant, secretary, clerk, deputy or intern employed by such Court; (g) any court reporter, stenographer or person operating video equipment assigned to recording testimony in this litigation; and (h) any witness (or potential witness) in preparation for being called in good faith to testify at the trial or in a deposition in this action. The foregoing definition of "Qualified Persons" is without prejudice to a redefinition of such term agreed upon by all Parties at an appropriate future time so as to include additional categories of persons, provided such redefinition is agreed to in writing by the Parties or ordered by the Court.

4. Any information, whether oral or written, designated "confidential" may be disclosed only to Qualified Persons who, prior to such disclosure, have read this Stipulation and signed their names to a copy of Exhibit "A" attached hereto, except that (a) counsel for the Parties may sign this Stipulation on behalf of the party(s) they represent and those Qualified Persons who are members of, or employed by, their respective firms; (b) Confidential Information may be disclosed to those Qualified Persons described in paragraph 2(a)(iv) upon their agreement on the record to maintain the confidentiality of the material; and (c) Confidential Information may be disclosed to those qualified persons described in paragraph 3(e) immediately upon the Court's formal endorsement of this Stipulation without further action on their part. By signing this Stipulation or Exhibit "A", each Qualified Person agrees that he or she, along with those on whose behalf he or she is acting, shall be bound by the terms of this Stipulation. All endorsed copies of Exhibit "A" shall be retained by the party's counsel that requested such Qualified Person's endorsement. Each endorsed copy of Exhibit "A" shall be made available for inspection if any good faith dispute or controversy arises concerning the respective person's obligations under this Stipulation. Should either party desire to disclose Confidential Information to any non-party witness who has declined to execute Exhibit "A" in connection with a deposition or at the trial, the party seeking to make such disclosure shall obtain the consent from the other party to this Stipulation or, if such consent is withheld, shall apply to the Court for permission to make such disclosure.

5. Each Qualified Person shall maintain all Confidential Information disclosed to him/her in confidence, shall not reveal the same to anyone other than another Qualified Person, and shall not use the Confidential Information except in connection with the preparation for trial (including, for example, any and all motions, discovery requests and depositions, as well as all papers submitted to the Court) or at trial; except that nothing shall prevent disclosure beyond the

terms of this Stipulation prior to trial if the designating party consents in writing to such disclosure, or if the party seeking such disclosure received approval of the Court.

6. No confidential documents will be disclosed or provided to putative class members unless they have opted in to the collective action, except that counsel for Plaintiffs may disclose only those confidential documents that directly pertain to that putative class member's wages or potential overtime recovery.

7. The parties shall have the right to further designate Confidential documents or portions of documents as "Confidential – Named Plaintiffs Only" to the extent that disclosure of such documents to opt-ins or putative class members is not necessary for adequate representation and that may contain highly sensitive information such as personnel or competitive business information. Disclosure of such information shall be limited to the persons designated in paragraphs 4(a), (b), (c), (d), (e) and (f). No documents marked "Confidential – Named Plaintiffs Only" shall be disclosed or provided to opt-ins or putative class members, except that counsel for Plaintiffs may disclose only the information that directly pertains to that putative class member's wages or potential overtime recovery.

8. If the party receiving information that has been marked "confidential" wishes to file any Confidential Information with the Court, the receiving party shall give advance notice to the producing party (to the fullest extent possible), who shall seek to obtain the Court's permission to have the Confidential Information filed under seal. To avoid the unnecessary filing of documents under seal, counsel for the Parties may request an agreement on the filing of such documents, and such agreement will not be unreasonably withheld.

9. In the event that a party objects to the designation of certain information as "Confidential", counsel for the Parties shall attempt to resolve such dispute in good faith on an informal basis. If no resolution is reached, the producing party may ask the Court to resolve the dispute. Pending resolution by the Court, the documents or information subject to the dispute shall be treated as confidential under the terms of this Stipulation. An objection to the designation of discovery material as "confidential" may be made at any time, including after being served on the other party. Acceptance by any party of discovery material designated as "confidential" shall not constitute a concession that any such discovery material is appropriately so designated.

10. The disclosure by one of the Parties of a document or information to a Qualified Person without designating it as "confidential" shall not constitute a waiver of that party's right to designate such document or information as Confidential Information and, if so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms herein.

11. Pursuant to FRE 502 (d) and (e), the Parties agree to, and the Court orders, protection of privileged and otherwise protected documents and ESI against claims of waiver (including as against third parties and in other federal and state proceedings) in the event they are produced during the course of this litigation, whether pursuant to a Court Order, a Parties' discovery request or informal production, as follows:

a) the production of documents, data or information (including, without limitation, metadata) by a party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and work-product doctrine, to a receiving party, shall in no way constitute the voluntary disclosure of such document, data or information;

b) the inadvertent production of documents, data, or information (including, without limitation, metadata) by a producing party, shall not result in the waiver of any privilege or protection associated with such document, data or information as to the receiving party, or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind;

c) if any document, data or information (including, without limitation, metadata) produced by a party is on its face subject to a legally recognizable privilege, immunity, or other right not to produce such information, the receiving party will notify the producing party in writing that it has discovered documents, data and/or information believed to be privileged, immune or otherwise not subject to production, identify the documents, data or information by Bates-number range, and return, sequester, or destroy all copies of such documents, data or information, along with any notes, abstracts or compilations of the content thereof, within thirty (30) days of discovery by the receiving party;

d) if the producing party intends to assert a claim of privilege or other protection over documents, data or information identified by the receiving party, the producing party will, within thirty (30) days of receiving the producing party's written notification, inform the receiving party of such intention in writing and shall provide the receiving party with a log for such document, data or information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event that any portion of the document, data or information does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the document, data or information that omits the information that the producing party believes is subject to a claim of privilege, immunity or other protection;

e) if, during the course of this litigation, a party determines it has produced a document, data or information (including, without limitation, metadata) protected from discovery by a legally recognized claim of privilege, immunity, or other right not to produce such information, the producing party may notify the receiving party of such inadvertent production in writing. The producing party's written notice will identify the document, data and/or information inadvertently produced by Bates-number range, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the receiving party with a log for such document, data or information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event any

portion of the document, data or information does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the document, data or information that omits the information that the producing party believes is subject to a claim of privilege, immunity or other protection. The producing party will also demand the return of the inadvertently produced documents, data or information. After receiving such written notification, the receiving party must, within thirty (30) days of receiving the written notification, return, sequester, or destroy the specified document, data and/or information and any copies, along with any notes, abstracts or compilations of the content thereof; and

f) a receiving party's return, sequestering or destruction of such privileged or otherwise protected documents, data and/or information as provided in the subparagraphs above will not act as a waiver of the receiving party's right to move for the production of the returned, sequestered or destroyed documents, data and/or information on grounds the documents, data and/or information are not in fact subject to a viable claim of privilege or other protection. However, the receiving party is prohibited and estopped from arguing that the producing party's production of the documents, data and/or information in this matter acts as a waiver of applicable privileges or protections, that the disclosure of documents, data or information by the producing party was not inadvertent, that the producing party did not take reasonable steps to prevent the disclosure of privileged or otherwise protected documents, data or information, and/or that the producing party did not take reasonable steps to rectify such disclosure.

12. Nothing in this Stipulation shall preclude any party from seeking to modify this Stipulation.

13. At the conclusion of this litigation, counsel for the Parties shall return all undestroyed originals and copies of Confidential Information in their possession, control or custody, to the party that produced the Confidential Information, the cost of which will be borne by the party seeking the return of the Confidential Information. To the extent that confidential material is contained in attorney-client privileged or attorney work-product document, such material should be maintained by counsel in a confidential manner. Counsel for each party may also maintain in a confidential manner one copy of correspondence, Court filings, deposition transcripts, and exhibits containing confidential material.

14. This Stipulation shall be binding on all of the Qualified Persons listed in paragraphs 3(a), (b) and (d) immediately upon its execution by the Parties' respective counsel, and on those listed in paragraph 3(c), (f) and (g) immediately upon their execution of Exhibit "A", whether or not it is later endorsed by the Court. Following the Court's endorsement, it shall be binding on all other Qualified Persons and be enforceable as to all qualified persons through any sanction(s) deemed appropriate by the Court. With respect to Qualified Persons listed in paragraphs 3(c), (f) and (g), the United States District Court for the Eastern District of New York shall have jurisdiction with respect to any controversy arising out of an alleged violation of this Stipulation.

15. This Stipulation may be executed in several counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document. A copy of a party's signature on this Stipulation shall be acceptable in any action against that party to enforce this Stipulation.

16. The terms of this Stipulation shall survive and remain in full force and effect after the termination of this litigation.

17. Producing or receiving discovery materials designated as "Confidential", or otherwise complying with the terms of this Stipulation, shall not: (a) affect or restrict the rights of any party with respect to its or his own documents; (b) prejudice in any way the rights of any party to object to the production of documents it or she considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be "confidential"; (c) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Stipulation; (d) prejudice in any way the rights of any party to seek a determination by the Court whether any information, documents or material, designated as "confidential" should be so designated and subject to the terms of this Stipulation; (e) prejudice in any way the rights of any party to petition the Court for a protective order relating to any material designated as "confidential"; or (f) prevent any party from agreeing to alter or waive the provisions or protections provided for herein with respect to any materials designated as "confidential".

**AGREED:**

Dated: 12/5, 2014

Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
Pelton & Associates PC
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

ATTORNEYS FOR PLAINTIFFS

Dated: 12/5, 2014

Michael J. Romano (MR 7905)
Romano & Associates
220 Old Country Road
Mineola, New York 11501
Telephone: (516) 248-8880
Facsimile: (516) 740-0866

ATTORNEYS FOR DEFENDANTS

**ORDER**

Based on the Stipulation of the parties, IT IS ORDERED ________________

Dated: ____________________

________________________________
Honorable _________________
United States Magistrate Judge

**EXHIBIT A**

**WRITTEN ASSURANCE**

______________________________________ declares that:

I reside at ____________________________________ in the City of __________________, County of __________________, State of ______________ . My telephone number is _______________________________.

I am currently employed by ________________________________, located at ________________________________________________, and my current job title is ________________________________________________.

I have read and I understand the terms of the Protective Order dated _______________, filed in Case No. 14-cv-2502 (ADS)(WDW), pending in the U.S. District Court for the Eastern District of New York. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the U.S. District Court for the Eastern District of New York and the Supreme Court of the State of New York in the County of Nassau for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on ______________________ (Date)

______________________________ (Signature)