ROMANO & ASSOCIATES
Michael J. Romano (MR 7905)
400 Garden City Plaza, Suite 432
Garden City, New York 11530
Telephone: (516) 248-8880
Facsimile: (516) 252-3785
mjr@romanofirm.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------X

**ISRAEL RIVERA, Individually and on Behalf of All Others Similarly Situated,**

Plaintiff(s),

**CITY-WIDE SEWER & DRAIN SERVICE CORP., LONG ISLAND PLUMBING CORP., EMERGENCY FLOOD RESTORATION, INC. and SALVATORE MANGIA, JR., Jointly and Severally,**

Defendant(s).

---------------------------------------X

Docket No.: 14-cv-06484

**ANSWER TO CLASS & COLLECTIVE ACTION COMPLAINT**

Defendants City-Wide Sewer & Drain Service Corp. ("Citywide"), Long Island Plumbing Corp. ("LIP"), Emergency Flood Restoration, Inc. ("EFR") and Salvatore Mangia, Jr. ("Mangia") (collectively, the "Defendants"), by their attorneys, Romano & Associates, for their Answer to the Class & Collective Action Complaint (the "Complaint") of plaintiffs Israel Rivera ("Rivera"), Individually and on Behalf of All Others Similarly Situated (collectively, the "Plaintiffs"), state as follows:

**AS AND FOR AN ANSWER TO THE NATURE OF THE ACTION**

1. Defendants deny the allegations in paragraph 1 of the Complaint except admit that Rivera performed services for LIP.

9. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

**Defendants:**

10. Defendants admit the allegations contained in paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint, except admit that Citywide, LIP and EFR use the same mailing and business address.

14. Paragraph 14 of the Complaint purports to state a legal conclusion, to which no response is required. To the extent paragraph 14 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations, except admit that Mangia participated in the day-to-day operations of Citywide, LIP and EFR.

15. Paragraph 15 of the Complaint purports to state a legal conclusion, to which no response is required. To the extent paragraph 15 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations.

16. Paragraph 16 of the Complaint purports to state a legal conclusion, to which no response is required. To the extent paragraph 16 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations, except admit that Rivera performed services for LIP.

17. Paragraph 17 of the Complaint purports to state a legal conclusion, to which no response is required. To the extent paragraph 17 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations.

25. Paragraph 25 of the Complaint constitutes Plaintiffs' description of the action, to which no response is required. To the extent paragraph 25 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint constitutes Plaintiffs' description of the action and/or purports to state a legal conclusion, to which no response is required. To the extent paragraph 27 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations.

28. Paragraph 28 of the Complaint constitutes Plaintiffs' description of the action and/or purports to state a legal conclusion, to which no response is required. To the extent paragraph 28 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations.

29. Paragraph 29 of the Complaint constitutes Plaintiffs' description of the action and/or purports to state a legal conclusion, to which no response is required. To the extent paragraph 29 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations.

30. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint constitutes Plaintiffs' description of the action and/or purports to state a legal conclusion, to which no response is required. To the extent paragraph 31 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint, except admit that Rivera received monies from LIP, in part, based on a 37% commission for each job he performed.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint, except admit that Rivera received monies from other entities including EFR and Citywide.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint, except admit that LIP provided tools to Rivera and deducted $25 per week for payment of those tools, until fully paid and allowed Rivera to lease a van from LIP to perform his work.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint, except admit that Rivera was required to pick up the van and drop off the van at Defendants' place of business each work day.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint constitutes Plaintiffs' description of the action, to which no response is required. To the extent paragraph 74 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations.

75. Paragraph 75 of the Complaint constitutes Plaintiffs' description of the action, to which no response is required. To the extent paragraph 75 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

**AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT—UNPAID MINIMUM WAGE**

79. With respect to the allegations in paragraph 79 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 78 above.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in paragraph 82 of the Complaint.

**AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT—UNPAID OVERTIME**

**AS AND FOR A RESPONSE TO THE SIXTH CAUSE OF ACTION**
**NEW YORK LABOR LAW—WAGE STATEMENT VIOLATIONS**

97. With respect to the allegations in paragraph 97 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 96 above.

98. Defendants deny the allegations contained in paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in paragraph 99 of the Complaint.

**AS AND FOR A RESPONSE TO THE SEVENTH CAUSE OF ACTION**
**NEW YORK LABOR LAW—UNREIMBURSED BUSINESS EXPENSES**

100. With respect to the allegations in paragraph 100 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 99 above.

101. Defendants deny the allegations contained in paragraph 101 of the Complaint.

102. Defendants deny the allegations contained in paragraph 102 of the Complaint.

103. Defendants deny the allegations contained in paragraph 103 of the Complaint.

**AS AND FOR A RESPONSE TO THE EIGHTH CAUSE OF ACTION**
**NEW YORK LABOR LAW—UNLAWFUL WAGE DEDUCTIONS**

104. With respect to the allegations in paragraph 104 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 103 above.

105. Defendants deny the allegations contained in paragraph 105 of the Complaint.

106. Defendants deny the allegations contained in paragraph 106 of the Complaint.

**AFFIRMATIVE DEFENSES**

As separate and distinct additional defenses to the Complaint, without in any way admitting any of the allegations of the Complaint and without admitting or suggesting that Defendants bear the burden of proof on any of the following issues, Defendants alleges as follows:

**First Affirmative Defense**

**Eighth Affirmative Defense**

114. All or part of the claims of Rivera and/or the proposed class that he seeks to represent are barred, in whole or in part, by the applicable statute of limitations.

**Ninth Affirmative Defense**

115. All or part of the claims of Rivera and/or the proposed class that he seeks to represent are barred by the doctrines of waiver and estoppel.

WHEREFORE, Defendants respectfully request:

1. judgment dismissing the Complaint, together with costs and disbursements;

2. an award of the Defendants' fees and costs and disbursements of this action; and

3. such other and further relief as this Court deems proper and just.

Dated: Mineola, New York
April 20, 2015

Respectfully submitted,

**ROMANO & ASSOCIATES**

By: ______________________

Michael J. Romano (MR 7905)
Romano & Associates
400 Garden City Plaza, Suite 432
Garden City, New York 11530
Tel. (516) 248-8880
Fax. (516) 252-3785
mjr@romanofirm.com
*Attorneys for Defendants*

To: **PELTON & ASSOCIATES PC**
Brent E. Pelton
Taylor Graham
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800
*Attorneys for Plaintiff, the Putative Class and Collective Action*