**ROMANO & ASSOCIATES**
Michael J. Romano (MR 7905)
400 Garden City Plaza, Suite 432
Garden City, New York 11530
Telephone: (516) 248-8880
Facsimile: (516) 252-3785
mjr@romanofirm.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -- - - - - -X

ISRAEL RIVERA, Individually and on
Behalf of All Others Similarly Situated,

                                    Plaintiff(s),


CITY-WIDE SEWER & DRAIN SERVICE
CORP., LONG ISLAND PLUMBING
CORP., EMERGENCY FLOOD
RESTORATION, INC. and SALVATORE
MANGIA, JR., Jointly and Severally,

                                    Defendant(s).
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -- - - - - -X

Docket No.: 14-cv-06484


**ANSWER TO CLASS &
COLLECTIVE ACTION
COMPLAINT**

Defendants City-Wide Sewer & Drain Service Corp. ("Citywide"), Long Island Plumbing

Corp. ("LIP"), Emergency Flood Restoration, Inc. ("EFR") and Salvatore Mangia, Jr.

("Mangia") (collectively, the "Defendants"), by their attorneys, Romano & Associates, for their

Answer to the Class & Collective Action Complaint (the "Complaint") of plaintiffs Israel Rivera

("Rivera"), Individually and on Behalf of All Others Similarly Situated (collectively, the

"Plaintiffs"), state as follows:

### AS AND FOR AN ANSWER TO THE NATURE OF THE ACTION

1.       Defendants deny the allegations in paragraph 1 of the Complaint except admit that

Rivera performed services for LIP.

1

2.      Paragraph 2 of the Complaint constitutes Plaintiffs' description of the action, to which no response is required.  To the extent paragraph 2 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations.

3.      Paragraph 3 of the Complaint constitutes Plaintiffs' description of the action, to which no response is required.  To the extent paragraph 3 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations.

### AS AND FOR AN ANSWER TO JURISDICTION AND VENUE

4.      Paragraph 4 of the Complaint purports to state a legal conclusion, to which no response is required.  To the extent paragraph 4 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations.

5.      Paragraph 5 of the Complaint purports to state a legal conclusion, to which no response is required.  To the extent paragraph 5 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations.

6.      Paragraph 6 of the Complaint purports to state a legal conclusion, to which no response is required.  To the extent paragraph 6 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations.

### AS AND FOR AN ANSWER TO THE PARTIES

**Plaintiff:**

7.      Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8.      Defendants deny the allegations in paragraph 8 of the Complaint except admit that Rivera performed services for LIP.

9.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

**Defendants:**

10.     Defendants admit the allegations contained in paragraph 10 of the Complaint.

11.     Defendants admit the allegations contained in paragraph 11 of the Complaint.

12.     Defendants admit the allegations contained in paragraph 12 of the Complaint.

13.     Defendants deny the allegations contained in paragraph 13 of the Complaint, except admit that Citywide, LIP and EFR use the same mailing and business address.

14.     Paragraph 14 of the Complaint purports to state a legal conclusion, to which no response is required.  To the extent paragraph 14 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations, except admit that Mangia participated in the day-to-day operations of Citywide, LIP and EFR.

15.     Paragraph 15 of the Complaint purports to state a legal conclusion, to which no response is required.  To the extent paragraph 15 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations.

16.     Paragraph 16 of the Complaint purports to state a legal conclusion, to which no response is required.  To the extent paragraph 16 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations, except admit that Rivera performed services for LIP.

17.     Paragraph 17 of the Complaint purports to state a legal conclusion, to which no response is required.  To the extent paragraph 17 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations.

18.     Defendants deny the allegations contained in paragraph 18 of the Complaint as alleged, except admit that, at relevant times, Citywide, LIP and EFR have had gross annual revenues in excess of $500,000.00.

**AS AND FOR AN ANSWER TO THE COLLECTIVE ACTION ALLEGATIONS**

19.     Paragraph 19 of the Complaint constitutes Plaintiffs' description of the action, to which no response is required.  To the extent paragraph 19 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations.

20.     Paragraph 20 of the Complaint purports to state a legal conclusion, to which no response is required.  To the extent paragraph 20 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations.

21.     Defendants deny the allegations contained in paragraph 21 of the Complaint.

**AS AND FOR AN ANSWER TO THE RULE 23 CLASS ALLEGATIONS**

22.     Paragraph 22 of the Complaint constitutes Plaintiffs' description of the action, to which no response is required.  To the extent paragraph 22 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations.

23.     Paragraph 23 of the Complaint purports to state a legal conclusion, to which no response is required.  To the extent paragraph 23 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations.

24.     Paragraph 24 of the Complaint purports to state a legal conclusion, to which no response is required.  To the extent paragraph 24 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations.

25.    Paragraph 25 of the Complaint constitutes Plaintiffs' description of the action, to which no response is required.  To the extent paragraph 25 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations.

26.    Defendants deny the allegations contained in paragraph 26 of the Complaint.

27.    Paragraph 27 of the Complaint constitutes Plaintiffs' description of the action and/or purports to state a legal conclusion, to which no response is required.  To the extent paragraph 27 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations.

28.    Paragraph 28 of the Complaint constitutes Plaintiffs' description of the action and/or purports to state a legal conclusion, to which no response is required.  To the extent paragraph 28 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations.

29.    Paragraph 29 of the Complaint constitutes Plaintiffs' description of the action and/or purports to state a legal conclusion, to which no response is required.  To the extent paragraph 29 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations.

30.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31.    Paragraph 31 of the Complaint constitutes Plaintiffs' description of the action and/or purports to state a legal conclusion, to which no response is required.  To the extent paragraph 31 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations.

32.     Paragraph 32 of the Complaint constitutes Plaintiffs' description of the action and/or purports to state a legal conclusion, to which no response is required.  To the extent paragraph 32 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations.

33.     Paragraph 33 of the Complaint constitutes Plaintiffs' description of the action, to which no response is required.  To the extent paragraph 33 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations.

## AS AND FOR AN ANSWER TO THE STATEMENT OF FACTS

34.     Defendants deny the allegations contained in paragraph 34 of the Complaint, except admit that the quoted text appears on the websites named in paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in paragraph 35 of the Complaint, except admit that certain of the Defendants perform the services listed in paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in paragraph 36 of the Complaint, except admit that references to certain of the Defendants appear on the websites named in paragraph 36 of the Complaint.

37.     Defendants admit the allegations contained in paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in paragraph 38 of the Complaint.

### As and for a Response to Plaintiff's Work for Defendants

39.     Defendants deny the allegations contained in paragraph 39 of the Complaint, except admit that Rivera performed services for LIP during the time period provided in paragraph 39 of the Complaint.

6

40.     Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in paragraph 44 of the Complaint, except admit that Rivera received monies from LIP, in part, based on a 37% commission for each job he performed.

45.     Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in paragraph 46 of the Complaint, except admit that Rivera received monies from other entities including EFR and Citywide.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint, except admit that LIP provided tools to Rivera and deducted $25 per week for payment of those tools, until fully paid and allowed Rivera to lease a van from LIP to perform his work.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of the Complaint, except admit that Rivera was required to pick up the van and drop off the van at Defendants' place of business each work day.

53.     Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in paragraph 56 of the Complaint, except admit that LIP allowed other workers to lease a van from LIP to perform their work.

57.     Defendants admit the allegations contained in paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in paragraph 58 of the Complaint, except admit that LIP offers a six-month warranty on its work.

59.     Defendants deny the allegations contained in paragraph 59 of the Complaint, except admit that LIP deducted $7 per week from certain workers for uniform cleaning and maintenance.

60.     Defendants deny the allegations contained in paragraph 60 of the Complaint.

61.     Defendants deny the allegations contained in paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in paragraph 62 of the Complaint.

**As and for a Response to Defendants' Unlawful Corporate Policies**

63.     Defendants deny the allegations contained in paragraph 63 of the Complaint, except admit that certain other LIP workers were paid on a primarily commission-based structure.

64.     Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.     Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.     Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.      Defendants deny the allegations contained in paragraph 69 of the Complaint.

70.      Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.      Defendants deny the allegations contained in paragraph 71 of the Complaint.

72.      Defendants deny the allegations contained in paragraph 72 of the Complaint.

73.      Defendants deny the allegations contained in paragraph 73 of the Complaint.

74.      Paragraph 74 of the Complaint constitutes Plaintiffs' description of the action, to which no response is required.  To the extent paragraph 74 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations.

75.      Paragraph 75 of the Complaint constitutes Plaintiffs' description of the action, to which no response is required.  To the extent paragraph 75 of the Complaint can be construed to contain any factual allegations, Defendants deny such allegations.

76.      Defendants deny the allegations contained in paragraph 76 of the Complaint.

77.      Defendants deny the allegations contained in paragraph 77 of the Complaint.

78.      Defendants deny the allegations contained in paragraph 78 of the Complaint.

**AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT—UNPAID MINIMUM WAGE**

79.      With respect to the allegations in paragraph 79 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 78 above.

80.      Defendants deny the allegations contained in paragraph 80 of the Complaint.

81.      Defendants deny the allegations contained in paragraph 81 of the Complaint.

82.      Defendants deny the allegations contained in paragraph 82 of the Complaint.

**AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT—UNPAID OVERTIME**

83.     With respect to the allegations in paragraph 83 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 82 above.

84.     Defendants deny the allegations contained in paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in paragraph 85 of the Complaint.

86.     Defendants deny the allegations contained in paragraph 86 of the Complaint.

## AS AND FOR A RESPONSE TO THE THIRD CAUSE OF ACTION
## NEW YORK LABOR LAW—UNPAID MINIMUM WAGE

87.     With respect to the allegations in paragraph 87 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 86 above.

88.     Defendants deny the allegations contained in paragraph 88 of the Complaint.

89.     Defendants deny the allegations contained in paragraph 89 of the Complaint.

## AS AND FOR A RESPONSE TO THE FOURTH CAUSE OF ACTION
## NEW YORK LABOR LAW—UNPAID OVERTIME

90.     With respect to the allegations in paragraph 90 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 89 above.

91.     Defendants deny the allegations contained in paragraph 91 of the Complaint.

92.     Defendants deny the allegations contained in paragraph 92 of the Complaint.

## AS AND FOR A RESPONSE TO THE FIFTH CAUSE OF ACTION
## NEW YORK LABOR LAW—WAGE NOTICE VIOLATIONS

93.     With respect to the allegations in paragraph 93 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 92 above.

94.     Defendants deny the allegations contained in paragraph 94 of the Complaint.

95.     Defendants deny the allegations contained in paragraph 95 of the Complaint.

96.     Defendants deny the allegations contained in paragraph 96 of the Complaint.

## AS AND FOR A RESPONSE TO THE SIXTH CAUSE OF ACTION
## NEW YORK LABOR LAW—WAGE STATEMENT VIOLATIONS

97.     With respect to the allegations in paragraph 97 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 96 above.

98.     Defendants deny the allegations contained in paragraph 98 of the Complaint.

99.     Defendants deny the allegations contained in paragraph 99 of the Complaint.

## AS AND FOR A RESPONSE TO THE SEVENTH CAUSE OF ACTION
## NEW YORK LABOR LAW—UNREIMBURSED BUSINESS EXPENSES

100.     With respect to the allegations in paragraph 100 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 99 above.

101.     Defendants deny the allegations contained in paragraph 101 of the Complaint.

102.     Defendants deny the allegations contained in paragraph 102 of the Complaint.

103.     Defendants deny the allegations contained in paragraph 103 of the Complaint.

## AS AND FOR A RESPONSE TO THE EIGHTH CAUSE OF ACTION
## NEW YORK LABOR LAW—UNLAWFUL WAGE DEDUCTIONS

104.     With respect to the allegations in paragraph 104 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 103 above.

105.     Defendants deny the allegations contained in paragraph 105 of the Complaint.

106.     Defendants deny the allegations contained in paragraph 106 of the Complaint.

## AFFIRMATIVE DEFENSES

As separate and distinct additional defenses to the Complaint, without in any way admitting any of the allegations of the Complaint and without admitting or suggesting that Defendants bear the burden of proof on any of the following issues, Defendants alleges as follows:

### First Affirmative Defense

11

107.     The Complaint fails to state a cause of action against Defendants upon which relief can be granted.

### Second Affirmative Defense

108.     Rivera and/or the proposed class that he seeks to represent are barred by Defendants' good faith reliance on the Department of Labor's rules, opinions, orders and procedures.

### Third Affirmative Defense

109.     This action is not proper for certification as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

### Fourth Affirmative Defense

110.     All or part of the claims for liquidated damages by Rivera and/or the proposed class that he seeks to represent are barred because Defendants acted in good faith and with the reasonable belief that their actions were consistent with applicable law.

### Fifth Affirmative Defense

111.     Rivera and the proposed class members are not similarly situated.

### Sixth Affirmative Defense

112.     The Court does not have supplemental jurisdiction under to 28 U.S.C. § 1367 over the state claims that Plaintiffs seek to pursue as a class action.

### Seventh Affirmative Defense

113.     This action is not proper for certification as a class action under Rule 23 of the Federal Rules of Civil Procedure.

## Eighth Affirmative Defense

114.    All or part of the claims of Rivera and/or the proposed class that he seeks to represent are barred, in whole or in part, by the applicable statute of limitations.

## Ninth Affirmative Defense

115.    All or part of the claims of Rivera and/or the proposed class that he seeks to represent are barred by the doctrines of waiver and estoppel.

WHEREFORE, Defendants respectfully request:

1.    judgment dismissing the Complaint, together with costs and disbursements;

2.    an award of the Defendants' fees and costs and disbursements of this action; and

3.    such other and further relief as this Court deems proper and just.

Dated: Mineola, New York
        April 20, 2015

Respectfully submitted,

ROMANO & ASSOCIATES

By: _____

Michael J. Romano (MR 7905)
Romano & Associates
400 Garden City Plaza, Suite 432
Garden City, New York 11530
Tel. (516) 248-8880
Fax. (516) 252-3785
mjr@romanofirm.com
*Attorneys for Defendants*

To:    **PELTON & ASSOCIATES PC**
       Brent E. Pelton
       Taylor Graham
       111 Broadway, Suite 1503
       New York, New York 10006
       Telephone: (212) 385-9700
       Facsimile: (212) 385-0800
       *Attorneys for Plaintiff, the Putative*
       *Class and Collective Action*