# Romano & Associates

## *Attorneys at Law*

400 Garden City Plaza, Suite 432
Garden City, New York 11530
(516) 248-8880   Fax (516) 252-3785
legal@romanofirm.com
www.romanofirm.com
*Admitted to N.Y. & N.J. Bar*

September 17, 2015

**Via ECF**
Magistrate Judge Marilyn D. Go
United States District Court
225 Cadman Plaza East
Room 1214-S
Brooklyn, New York 11201

> Re:   *Rivera v. City-Wide Sewer &*
> *Drain Service Corp.*
> Docket No.: 14 Civ. 6484 CBA-MDG

Dear Magistrate Judge Go:

Please allow this correspondence to serve as a request to approve the settlement negotiated between the parties in this action.   Pursuant to a conversation with Josh in your chambers, we are submitting this correspondence while simultaneously faxing a copy of the settlement agreement to Your Honor, in connection with Defendants' request that Your Honor schedule a telephone conference with the parties at a time that is convenient to the Court to consider Defendants' request that the settlement agreement in the above-referenced matter (i) be approved and (ii) be kept confidential and not made public on the Court's docket.

When the parties spoke with Josh earlier this week, he agreed that, in order to avoid ECF filing, approval of the settlement could be obtained via telephone conference, with a copy of the signed settlement agreement sent in a confidential fax to the Court for review.

Notwithstanding the foregoing, below is Defendants' statement in support of the instant requests.

## I.     Approval

In determining whether a proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Medley v. Am. Cancer Soc.,* No. 10 CV 3214(BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010).

In the instant case, it is Defendants' contention that all factors are satisfied.  First, Defendants' believe that Rivera's range of possible recovery is highly limited, and that (i) his claims contravene the purpose of the FLSA because he is a highly-paid employee; (ii) there is no class, as putative class members receive different compensation, work different schedules, etc., (iii) Rivera is likely to be deemed an independent contractor and, therefore, not covered by FLSA, (iv) Rivera was not entitled to overtime because (a) Long Island Plumbing is a retail/service establishment and (b) Rivera was an outside salesperson, and (v) even if required to pay overtime, Long Island Plumbing did so appropriately.

Second, it is respectfully submitted that, consistent with the above, Rivera will have a difficult time establishing his claims and, as such, a nominal settlement is appropriate.

Third, as detailed above, Defendants believe that Rivera faces serious risks should he proceed to litigation.

Fourth, this agreement was negotiated over many months between two qualified attorneys, and followed a mediation session and the exchange of discovery.

Fifth, there is no possibility of fraud or collusion between the parties, as they were represented by counsel and have no connection to each other apart from past employment.

As such, it is respectfully requested that the settlement agreement be approved.

## II.    Confidentiality

Although the Second Circuit generally rejects applications to keep a settlement agreement confidential, it will do so if a party can demonstrate "some showing that overcomes the presumption of public access."  *See, Joo v. Kitchen Table, Inc.*, 763 F.Supp.2d 643, 648 (S.D.N.Y. 2011).  Defendants respectfully submit that the reasons set forth below satisfy this requirement.

First, the parties have agreed to settlement in an effort to avoid protracted and expensive litigation.  In the eyes of Defendants, this was strictly a business decision and not an admission of any wrongdoing.  In fact, this is not a typical FLSA settlement where "an employee's rights have been vindicated through the FLSA . . ." *See, Ordonez v. Mio Posto Restaurant, Inc.*, 2014 WL 1672354 *3 (E.D.N.Y. 2014).  Rather, Defendants believe this to be a a case with a nominal settlement resulting out of the speciousness of Plaintiff's claims.

Second, it is—and has always been—Defendants' contention that Plaintiff was never employed by any Defendant other than Citywide Sewer & Drain Service Corp.  As such, it would be grossly unfair and potentially harm the remaining Defendants' earning potential and business relationships to have it appear that they had anything to do with the facts and circumstances that make up this matter.  Defendants are in a highly competitive industry and, if made public, potential customers and business partners are likely to look elsewhere than Defendants, and for no legitimate reason.

Third, the majority of requests for confidentiality have been rejected because they are supported by only conclusory allegations. *See, Bouzzi v. F & J Pine Restaurant, LLC*, 841 F.Supp.2d 635, 640 (E.D.N.Y. 2012).  As demonstrated above, Defendants contend that this is not the case here.

Plaintiffs believe that the settlement amount is fair and reasonable based on the facts and circumstances of this case and our client is anxious to receive his settlement payment upon approval by Your Honor.

Thank you for your courtesies.

Respectfully submitted,

Michael J. Romano

MJR:jld
cc: Brent Pelton, Esq.

3