# Romano & Associates
## *Attorneys at Law*
400 Garden City Plaza, Suite 432
Garden City, New York 11530
(516) 248-8880   Fax (516) 252-3785
legal@romanofirm.com
www.romanofirm.com
*Admitted to N.Y. & N.J. Bar*

October 9, 2015

**Via ECF**
Magistrate Judge Marilyn D. Go
United States District Court
225 Cadman Plaza East
Room 1214-S
Brooklyn, New York 11201

                      Re:    Rivera v. City-Wide Sewer &
                                Drain Service Corp.
                                Docket No.: 14 Civ. 6484 CBA-MDG

Dear Magistrate Judge Go:

        Please allow this correspondence to serve as a request to have the settlement agreement in the above-referenced matter filed under seal.

        Although the Second Circuit generally rejects applications to keep a settlement agreement confidential, it will do so if a party can demonstrate "some showing that overcomes the presumption of public access." *See, Joo v. Kitchen Table, Inc.*, 763 F.Supp.2d 643, 648 (S.D.N.Y. 2011). Defendants respectfully submit that the reasons set forth below satisfy this requirement. Here, Defendants waive confidentiality, but respectfully request that the settlement agreement itself be filed under seal.

        First, the parties have agreed to settlement in an effort to avoid protracted and expensive litigation. In the eyes of Defendants, this was strictly a business decision and not an admission of any wrongdoing. In fact, this is not a typical FLSA settlement where "an employee's rights have been vindicated through the FLSA . . ." *See, Ordonez v. Mio Posto Restaurant, Inc.*, 2014 WL 1672354 *3 (E.D.N.Y. 2014). Rather, Defendants believe this to be a case with a nominal settlement resulting out of the uncertainty of Plaintiff's claims.

        Second, it is—and has always been—Defendants' contention that Plaintiff was never employed by any Defendant other than Long Island Plumbing, Inc. As such, it would be grossly unfair and potentially harm the remaining Defendants' earning potential and business relationships to have it appear that they had anything to do with the facts and circumstances that make up this matter. Defendants are in a highly competitive industry and, if made public, potential customers and business partners are likely to look elsewhere than Defendants, and for no legitimate reason.

Third, the majority of requests for confidentiality have been rejected because they are supported by only conclusory allegations. *See, Bouzzi v. F & J Pine Restaurant, LLC*, 841 F.Supp.2d 635, 640 (E.D.N.Y. 2012). As demonstrated above, Defendants contend that this is not the case here.

Defendants are aware of the recent decision in *Cheeks v. Freeport Pancake House, et al.*, which, among other things, discouraged courts from keeping the terms of these types of cases confidential. However, it is respectfully submitted that the *Cheeks* decision occurred after settlement was reached in this matter and, as such, it should not control. Specifically, this final version of the draft settlement papers was sent to Plaintiff's counsel on or about July 22, 2015. For some reason, they did not receive the papers and, as a result they were re-sent on August 4, 2015, still three days before the *Cheeks* decision was published.

In short, we understand that confidentiality is not an option and waive confidentiality therefor. However, in light of the reasons set forth above, and the fact that Plaintiff consents thereto, Defendants respectfully request that the settlement agreement be filed under seal.

Thank you for your courtesies.

Respectfully submitted,

Michael J. Romano

MJR:jld
cc: Brent Pelton, Esq.